**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS CRUZ,<br><br>          Petitioner,<br><br>     v.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>          Respondent. | Case No.: 1:26-cv-03919-JLT-EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS UNEXHAUSTED PETITION<br><br>(Docs. 5, 7) |

Jose Luis Cruz is a state prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 27, 2026, the assigned magistrate judge issued Findings and Recommendation to Dismiss Unexhausted Petition. (Doc. 5.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 21 days. (*Id*. at 3-4.) On June 10, 2026, petitioner filed objections.[1]

---

[1] Petitioner's objections do not substantively address the assigned magistrate judge's findings. Rather, petitioner states he filed only one habeas petition concerning his conviction and sentence yet the Court opened two cases; this case and "1:26-cv-03920-HBK (PC)." (Doc. 7 ["I didn't file two petitions. I only filed once"].) On June 15, 2026, petitioner filed an untitled document, docketed as a Request for Clarification. (Doc. 9.) In that filing, petitioner repeats his assertion that he "only filed" one petition concerning his conviction and sentence, indicates that in "1:26-cv-03920-HBK, the court construed a second or successive petition," notes consecutive case numbers were assigned, asks "how can the same petition be filed separately and subsequently be issued a consecutive case no. both only hours apart from each other." (*Id*.) The Court notes that in 1:26-cv-03920-HBK, petitioner submitted a completed *civil rights complaint* form signed and dated May 8, 2026 (*see* 1:26-cv-03920, Doc. 1) whereas in this matter petitioner filed a *petitioner for writ of habeas corpus* form signed and dated May 8, 2026. Therefore, two separate actions were opened based upon petitioner's two separate filings. Ultimately, in the other matter, the Court construed the complaint to be a petition for writ of habeas corpus and a motion to amend the petition in this case, directed the Clerk of the Court to docket the "petition as a motion to amend" in this action and to close that action. (*See* 1:26-cv-

(Doc. 7.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including the objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 27, 2026 (Doc. 5) are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **DISMISSED** without prejudice for a failure to exhaust state remedies.

3. Petitioner's "Request for Clarification" (Doc. 9) is **RESOLVED**.

4. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:    **June 28, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

03920, Doc. 4 [issued 5/28/2026].) Notably, in the other action, rather than construing the filing in that action as a second or successive habeas petition, the Magistrate Judge construed the complaint to be a habeas petition "and, in turn, as a motion to amend the petition in case number 1:26-cv-03919-EGC," and directed the Clerk to file the motion and to close that case. (*Id.*) Simply put, Judge Barch-Kuchta did not deem petitioner's filing in the other action to be a second or successive petition.

2